[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION
The defendant's have requested that the court articulate its decision of January 4, 1996, denying their motion to cite in as an additional party, James Spencer.
The motion to cite in was denied for two reasons.
 1. Under Connecticut General Statutes § 52-102
persons immune from liability may not be made a defendant.
 Since this accident occurred on January 14, 1993, and the motion to cite in was dated May 16, 1995, Spencer is "immune from liability" because the statute of limitations has expired with respect to him.
 2. The defendants have failed to establish that Spencer has, under C.G.S. § 52-102, "an interest adverse to the plaintiff" or is otherwise a "necessary party" to this action. To make such a finding the court must be presented with some evidence that Spencer was in some way responsible for the accident.
In their Motion to Cite in dated May 16, 1995, the defendants quote a police report stating that the defendant operator, Bruce Carline,
 "did not see a stop sign and, indeed, the stop sign was obscured by several signs and a telephone pole. Mr. Carline drove his vehicle through the stop sign and onto Route 216 crossing over the northbound side of Route 216 before coming into collision with the vehicle being driven by by Mr. Spencer on the CT Page 1413 southbound side of Route 216."
The above quotation fails to disclose any negligence on the part of Spencer at all. Accordingly, he is neither a necessary party nor a person with an interest adverse to the plaintiff.
This court agrees with the court in Wilson v. State,
CV90-3866658, Judicial District of Hartford/New Britain at Hartford (April 13, 1994, Sullivan, J.).
 "If as a matter of law judgment cannot be entered against a person, he cannot be retained as a party in the plaintiff's suit. To allow an immune person to be retained in the suit for the sole purpose of reducing the debt through illusory `apportionment' would be precisely contrary to the clear mandate of the legislature in enacting Public Act 87-227 Tort Reform II. If it be said that this modification tends to realign tort reform for the benefit of the injured parties so as to eliminate automatic debt reduction, a review of the transcript of the 1987 legislative deliberations indicates that this is precisely what the legislature intended to do."
Spencer has no "interest adverse to the plaintiff's and is, therefore, "immune from liability" in this matter. Accordingly, he cannot be made a defendant in this case pursuant to C.G.S. § 52-102 in view of that statute's prohibition against joinder of one immune from liability.
Defendant's claim of relief under Public Act 95-111 is not applicable to this case because that statute took effect July 1, 1995 and "shall be applicable to any action filed on or after said date."
Since this action was filed on January 10, 1995, the statute does not apply to this case.
For the foregoing reasons, the Motion to Cite in Additional Party was denied on January 4, 1996.
Hurley, J. CT Page 1414